ROBERT A. KNIGHT *vs.* SIMON ROTHSCHILD & another.

Hampden.  January 20, 1899. — February 28, 1899.

Present: HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Insolvent Debtor — Fraudulent Conveyance — Evidence — Affidavit.*

In an action by an assignee in insolvency to recover the value of a quantity of garments alleged to have been conveyed by the insolvent to the defendant in fraud of the insolvency laws, a person who had been employed in the insolvent's store for six years and knew the cost and selling price of all garments that came into the store during that period and also the fair value of such goods, and a part of whose business it was to sell them to customers, and who saw all the garments taken away by the defendant, is rightly allowed to testify to the value of such garments.

The affidavit of the defendant in an action by an assignee in insolvency to recover the value of goods alleged to have been conveyed by the insolvent to the defendant in fraud of the insolvency laws, and that of his attorney, filed in an action in another State brought by the present defendant against the insolvent, in which affidavit the defendant states that he was present at an interview referred

to in his attorney's affidavit, that he knew the contents of that affidavit, and that the statements therein were true, are rightly admitted in evidence; and the affidavit of the defendant's agent, filed in the same case in the other State, which tends to contradict some parts of his testimony in the present case which are unfavorable to the plaintiff, who called him as a witness, is also competent.

TORT, by the assignee in insolvency of the estate of James McKeon, to recover the value of a quantity of fur garments alleged to have been conveyed by McKeon to the defendants in fraud of the insolvency laws. At the trial in the Superior Court, before *Lilley*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*C. C. Spellman & C. F. Spellman*, for the defendants.

*H. W. King & C. M. Rice*, (*R. A. Knight* with them,) for the plaintiff.

KNOWLTON, J.   The only exceptions that were argued in this case were to the admission of evidence against the defendants' objection.

1. The witness Dietz was rightly allowed to testify to the value of the fur garments taken away by the defendants. She had been employed in McKeon's store for six years, and knew the cost and selling price of all garments that came into the store during that period. She knew the fair value of such goods, and it was a part of her business to sell them to customers. She saw all the goods that were taken away by the defendants. She well might be permitted to give her opinion of their value.

2. The affidavits of the defendant Simon Rothschild and of his attorney Einstein, filed in the case in New York, were rightly admitted.*   This defendant said that he was present at the interview referred to in the affidavit of Einstein, and that he knew the contents of Einstein's affidavit, and that the statements therein were true.   These *statements* thus became admissions of the defendant, and they tended to establish the plaintiff's contention that McKeon was insolvent, that the defendants had reasonable cause to believe that he was insolvent, and that the goods were delivered as a preference.

3. The affidavit of the defendants' agent, Frank Rothschild,

---

* This was an action brought by the present defendants against McKeon for goods sold and delivered.

filed in the same case in New York, was competent. It tended to contradict some parts of his testimony in the present case which were unfavorable to the plaintiff, and although the plaintiff called him as a witness, his adverse testimony might be contradicted by showing what he had previously stated, first directing his attention to the former statements by a question. Pub. Sts. c. 169, § 22. No contention was made that the requirements of the statute were not sufficiently complied with by the interrogating counsel. *Exceptions overruled.*